Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0420 | **DATE** | February 17, 2012 |
| **CASE TITLE** | David Brown (#2010-0319008) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [5] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.87 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The Court hereby appoints John Dames, Drinker, Biddle & Reath, LLP, 191 North Wacker Drive, Suite 3700, Chicago, Illinois 60606, (312) 569-1499 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]     Docketing to mail notices.

# STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (hereinafter, "the ADA"). Plaintiff claims that Defendants, who are county and jail health care providers, have violated Plaintiff's constitutional rights and the ADA by failing to treat his chronic spinal problems and by refusing to accommodate his physical needs.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.87. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.  The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Here, accepting Plaintiff's allegations as true, the Court finds that the complaint articulates colorable federal causes of action.  The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee.  *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation).  Furthermore, Plaintiff may be entitled to relief under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, if he can establish that Defendants have refused to accommodate his physical impairment.

On the Court's own motion, John Dames, Drinker, Biddle & Reath, LLP, 191 North Wacker Drive, Suite 3700, Chicago, Illinois 60606, (312) 569-1499 is appointed to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).  After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.  If counsel is unable to file an amended complaint, he should so inform the Court.